IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DWIGHT A. GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  04-3229 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Dwight A. Graham's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition).  The Government filed a Response to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 5) (Response), and Graham filed a Reply to Government's Opposition for the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (d/e 12) (Reply).  For the reasons set forth below, Graham's Petition is denied.

BACKGROUND

Graham was indicted on March 8, 2001, for distributing 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). United States v. Graham, 01-20025, Indictment (d/e 10). Graham had a prior drug case in Illinois state court. Specifically, Graham was found guilty following a bench trial of felony possession of a controlled substance in 1994. The Illinois court sentenced him to two years probation under 720 Ill. Comp. Stat. 570/410.[1] Graham's probation was discharged in March 1997.

On April 18, 2001, the Government filed a notice with the Court, pursuant to 21 U.S.C. § 851, of its intent to rely upon the 1994 state case as a basis for enhanced penalties in the federal action. Graham, 01-20025, Information Concerning Prior Convictions (d/e 12). Graham filed a Motion in Limine (d/e 23), seeking to bar the use of the 1994 case at trial and sentencing. Graham argued that the 1994 ruling was not a conviction under Illinois law and that it, therefore, could not be used as a prior conviction in

---

[1]Section 410 (formerly Ill. Rev. Stat., ch. 56.5 § 1410) "permits a sentencing court to defer entry of judgment for first-time drug offenders and impose a term of probation. . . . Under Illinois law, a charge dismissed under § 1410 is not deemed to be a conviction." Garcia v. Ashcroft, 394 F.3d 487, 488 (7th Cir. 2005).

the federal proceeding. The Court denied Graham's motion, noting that it was clear under Seventh Circuit precedent that this type of situation should be treated as a conviction under federal law. <u>Graham, 01-20025, Transcript, August 13, 2001 (d/e 50)</u>, p. 27-28.

The matter proceeded to a three-day jury trial, after which Graham was convicted. Graham was sentenced by this Court on December 14, 2001. The Court calculated Graham's imprisonment range under the United States Sentencing Guidelines to be 151 to 188 months. However, over defense objection, the Court determined that the 1994 case constituted a prior drug-related felony conviction under 21 U.S.C. § 841(b)(1)(A). Therefore, because Graham had a prior drug-related felony conviction and the current offense involved greater than 50 grams of crack cocaine, Graham was subject to a mandatory minimum sentence of twenty years imprisonment and a maximum of life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(iii). The Court sentenced Graham to 240 months imprisonment.

Graham filed a timely appeal, challenging the sufficiency of the evidence, statements made by the prosecutor during closing arguments, and this Court's consideration of the 1994 conviction in sentencing. <u>See</u> <u>United</u>

3

States v. Graham, 315 F.3d 777 (7th Cir. 2003).  The Court of Appeals affirmed this Court.  Id.  The United States Supreme Court denied Graham's request for a writ of certiorari on October 6, 2003.  Graham v. United States, 540 U.S. 930 (2003).

## ANALYSIS

Graham asks the Court to vacate his sentence based on the alleged ineffective representation he received from trial counsel.  Graham believes counsel was deficient in: (1) failing to research and advise Graham that the 1994 state case would enhance his sentence; (2) failing to file a motion to suppress based on police misconduct; and (3) in failing to challenge the 1994 conviction under 21 U.S.C. § 851(c).  Such claims are appropriately raised in a § 2255 motion regardless of whether or not the claims could have been raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

As an initial matter, the Government asserts that Graham's Petition is untimely.  Absent certain exceptions that are inapplicable to the present case, a petition for habeas relief must be filed within one year from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255.  Graham's conviction became final when the Supreme Court denied his

4

request for a writ of certiorari on October 6, 2003. See Clay v. United States, 537 U.S. 522, 527 (2003). Graham's Petition was not filed by the Clerk until October 14, 2004. However, the Seventh Circuit has extended the mailbox rule set out in Houston v. Lack to prisoners filing pro se habeas petitions. Jones v. Bertrand, 171 F.3d 499, 501-02 (7th Cir. 1999) (citing Houston, 487 U.S. 266 (1988)). Therefore, for statute of limitations purposes, a petition by a pro se petitioner is deemed filed when it is given to the proper prison authorities and not when it is received by the district court clerk. Id. In his Reply, Graham asserts that he placed his Petition in the prison's Legal Mailbox on September 29, 2004. Thus, Graham's Petition is timely.

To succeed on an ineffective assistance of counsel claim, Graham must show both: 1) that his counsel's representation was objectively deficient; and 2) that the deficient performance was prejudicial to the outcome. Strickland v. Washington, 466 U.S. 668 (1984). The absence of either prong defeats an ineffective assistance claim. Id. at 689; Lowery v. Anderson, 225 F.3d 833, 843 (7th Cir. 2000). Graham bears the burden of proving counsel ineffective, and there is a strong presumption for finding otherwise. United States v. Banks, 405 F.3d 559, 568 (7th Cir. 2005). The

5

Court will reverse only when it is shown with a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Lowery, 225 F.3d at 843.

The Court turns first to Graham's argument that counsel was ineffective in failing to determine and advise Graham that the 1994 case would enhance his sentence. Even if this conduct was objectively unreasonable, Graham's claim fails because he does not demonstrate that he was prejudiced by it. Graham alleges that, had he known that the 1994 case would be used to enhance his sentence, he would have pled guilty rather than proceed to trial. Mere allegations that a defendant would have taken a different course are insufficient to establish prejudice. United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005). Graham "must go further and present objective evidence that a reasonable probability exists that he would have taken that step." Id.

As an initial matter, the Court notes that the Court ruled on the applicability of the 1994 case in open court, outside the presence of the jury, prior to opening statements. Graham, 01-20025, Transcript, August 13, 2001, p. 27-28. Graham was clearly informed, at that point, that if there was a conviction, the 1994 case would enhance the penalty. Id. at 28.

6

Moreover, Graham does not point to any evidence that would support a finding that he would have pled guilty prior to the § 851 notice being filed, or that the Government would have agreed to drop the § 851 enhancement in exchange for a guilty plea. The only plea offer discussed by Graham was an offer for a possible downward departure from the mandatory minimum sentence if Graham would agree to cooperate with the Government. From this, Graham asserts "[t]he mere fact that Petitioner chose not to cooperate with the authorities does not diminish the fact that a plea agreement could have been reached where the Government's filing of the Title 21 U.S.C. § 851 motion would have been waived." Reply, p. 5. This is insufficient to meet Graham's burden on the prejudice issue. The fact that the Government may have offered a downward departure in exchange for cooperation does not show that the Government would have been willing to withdraw the § 851 notice in exchange for a guilty plea. Absent some agreement with the Government, even if Graham had pled guilty, he would still have been subject to the twenty-year mandatory minimum sentence. Graham's claim of error fails.

Graham's remaining claims are equally unavailing. In his claim relating to counsel's failure to file a motion to suppress, Graham argues that

counsel should have challenged the arrest warrant in the federal case under Franks v. Delaware, based on the fact that it did not include certain details about the confidential source. See Franks, 438 U.S. 154 (1978). Graham, however, has not shown to a reasonable probability that such a challenge would have succeeded. The affidavit supporting the arrest warrant detailed acts observed by law enforcement officers, involving Graham and a confidential source. Graham, 01-20025, Criminal Complaint (d/e 1). The affidavit is sufficient to satisfy probable cause. It is not objectively unreasonable for trial counsel to fail to raise an argument that is likely to fail. Rodriguez v. United States, 286 F.3d 972, 985 (7th Cir. 2002).

Graham argues that counsel was ineffective for failing to challenge the 1994 conviction under 21 U.S.C. § 851(c). Graham contends that such a challenge should have been raised based on the fact that he received ineffective assistance from his retained attorney in the 1994 case when the attorney failed to file a Notice of Appeal upon Graham's request. Under 21 U.S.C. § 851(e), "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." See also United States v.

Arango-Montoya, 61 F.3d 1331 (7th Cir. 1995). The 1994 conviction occurred more than five years before the date of the criminal complaint in the present case. The ineffective assistance challenge proposed by Graham does not fall under an exception to the § 851(e) statute of limitations, because it does not rise to the level of a jurisdictional defect in the prior conviction resulting from the failure to appoint counsel at all. See Custis v. United States, 511 U.S. 485, 496 (1994). Therefore, Graham would have been barred by § 851(e) from raising the challenge he now proposes. Again, it is not unreasonable for counsel to fail to raise an argument that is not likely to succeed. Rodriguez, 286 F.3d at 985.

THEREFORE, it is clear from the record that Graham is not entitled to habeas relief. His request for an evidentiary hearing on the Petition is denied. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). Graham's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: August 30, 2005.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
